# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW MEXICO

WELCOME PROPERTIES 201, LLC,

    Plaintiff,

v.                                                            No. 1:16cv1301

NATIONAL FIRE & MARINE
INSURANCE COMPANY

    Defendant.

## NOTICE OF REMOVAL

Defendant National Fire & Marine Insurance Company, hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the above-captioned action, formerly pending in the District Court for the Third Judicial District, County of Dona Ana, State of New Mexico, as No. D-307-CV-2016-02325. Defendant files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Defendant bases this removal on the following grounds:

**I.    THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

On October 18, 2016, Plaintiff Welcome Properties 201, LLC filed its "Amended Complaint for Breach of Contract and Fiduciary Duty, Insurance Bad Faith, Violations of the Insurance Code and Unfair Trade Practices Act" in New Mexico State Court, naming Defendant as a defendant. A copy of the Complaint and documents served on Defendant is attached to this Notice as Exhibit 1.

On November 1, 2016, the Superintendent of Insurance accepted service on behalf of Defendant. *See* Exhibit 2, attached hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service. No responsive pleadings to the Complaint have been filed in the state court action.

Defendant files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the Third Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

**II.     BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A.     The Citizenship of the Parties is Completely Diverse.**

According to the allegations of the Complaint, Plaintiff is a New Mexico corporation with its principal place of business in Las Cruces, New Mexico. Complaint, ¶ 1. Upon information and belief, the members of Plaintiff are also New Mexico residents.

Defendant National Fire & Marine Insurance Company is a Nebraska corporation with its principal place of business in Omaha, Nebraska. Complaint, ¶ 2.

Therefore, because Plaintiff is a citizen of New Mexico and Defendant is a citizen of Nebraska, the controversy between Plaintiff and Defendant is between citizens of different states, and there is complete diversity in this matter.

**B.     The Amount in Controversy Exceeds $75,000.**

The amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). In the Complaint, Plaintiff claims that it owns property located at 201 E. University, Las Cruces, New Mexico 88005. Complaint, ¶ 8. The property is known as the Ramada Las Cruces Hotel and Conference Center and is a hotel containing approximately 114 rooms. Hansen Declaration, ¶¶4-5 attached as Exhibit 3. Plaintiff claims that the property was damaged by wind and hail on two occasions. Complaint, ¶¶ 14 and 25. Plaintiff submitted two claims to Defendant alleging that the roof to the property was damaged by the wind and hail events. Plaintiff sought indemnification for roofing repairs and replacement among other property losses. *See generally* Hansen Declaration. Defendant disputed that the Policy applied to the majority of the claimed damages including the roof system. Hansen Declaration, ¶ 10.

In connection with the claims, Plaintiff's roofer provided an estimate in the amount of $44,900 to perform a large repair patch above leaking rooms that contain approximately 18,000 square feet for a temporary repair of the roof. Hansen Declaration, ¶ 7. Plaintiff claimed that the repair patch was necessary due to the wind/hail storm and that the storm permanently damaged the roof resulting in several interior leaks, and that the roof would need replacing as a result of a covered loss under the Policy. *Id.* at ¶¶ 8-9. The cost of a roof replacement exceeds $75,000 for the large commercial building. *Id.* at ¶ 13.

Plaintiff's Complaint seeks recovery against Defendant for Breach of Contract and Covenant of Good Faith and Fair Dealing relating to two insurance claims (Counts I and II); Bad Faith and Breach of Fiduciary Duty (Count III and IV); Unfair Trade Practices Act (Count V and VI); Insurance Code (Count VII and VIII). Plaintiff seeks compensatory and treble damages, incidental and consequential damages, punitive damages, attorneys' fees and well as pre- and post-judgment interest. Complaint, Prayer for Relief.

Plaintiff has clearly indicated that it seeks in excess of $75,000 as a temporary repair for the roof alone was $44,900. *See Chavez v. State Farm Lloyds*, 2016 U.S. Dist. LEXIS 19920 (S.D. Tex. Feb. 18, 2016) (denying motion for remand in case involving claim for bad faith involving roof claim where pre-suit roofing estimate was $40,776.74). Even if Plaintiff had not presented an estimate for the temporary repairs, Plaintiff's claim that the insured hotel premises roof needs replacing as a result of the weather events greatly exceeds the $75,000 jurisdictional requirement. The monetary figure for the building's roof system alone exceed $75,000. Such figure does not include the other amounts to which Plaintiff alleges it is entitled.

Although the Complaint does not state a specific dollar amount in controversy on its face, the amount that Plaintiff has placed in controversy plainly exceeds $75,000.[1] Although allegations in the Complaint may be sufficient to establish the amount in controversy for

---

[1] Plaintiff indicated on its Court Annexed Arbitration Certification that it sought relief other than a money judgment and/or seeks relief in excess of twenty-five thousand ($25,00) exclusive of punitive damages, interest, costs and attorney's fees. No non-monetary relief is sought in the Complaint.

diversity-jurisdiction purposes, district courts are not confined to the Complaint and may rely on other evidence as well.  *See McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008).

The Court in *McPhail* explained that the defendant has the initial burden to establish, by a preponderance of the evidence, "jurisdictional facts that ma[k]e it possible that $75,000 [i]s in play." *Id.* at 955.  If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).  "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.*

In this case, Plaintiff seeks damages for allegedly significant property damages that it claims was the result of two wind/hail events.  Where insurance coverage is denied, the maximum "amount in controversy is the maximum limit of the insurer's liability under the policy." *Farmers Ins. Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979).  Here, Plaintiff claims that it was entitled to a new roof for a 114 room hotel among other alleged property damages including water intrusion into the hotel rooms.  Accordingly, this alone is sufficient to confer subject matter jurisdiction on this Court.

In any event, without in any manner passing on the merits of the Plaintiff's claims, the availability of treble damages and attorneys' fees may also be considered in determining whether the amount in controversy is met.  *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998).  Both attorneys' fees and treble damages are recoverable under the New Mexico statute pursuant to which Plaintiff is suing.  *See Jamison v. State Farm Gen'l Ins. Co.*, No. CIV 98-1004 BB/RLP mem. op. (D.N.M. Dec. 7, 1998) (denying remand of removed action because, in part, "Attorneys fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction," citing *In re Abbott Lab.*, 51 F.3d 524 (5th Cir. 1995)).

Thus, even when not considering the amount of the policy itself and only taking into account the compensatory damages claimed by Plaintiff, and the claims for attorneys' fees and treble damages, there is obviously more than $75,000 in controversy in the present case. *See Jamison, supra; Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995) ("[I]n view of awards rendered in similar cases . . . [the] defendant has met its burden of producing sufficient evidence [on removal] to convince this court that the amount in controversy is greater than" the jurisdictional amount exclusive of costs.

Considered together, these alleged damages easily establish that Plaintiff seeks to "put in play" an amount well in excess of $75,000. Accordingly, Defendant has satisfied the jurisdictional amount threshold.

WHEREFORE, Defendant requests that this Court assume full jurisdiction over this case as provided by law.

        MODRALL, SPERLING, ROEHL, HARRIS
          & SISK, P.A.

By:   */s/ Jennifer A. Noya*
        Jennifer A. Noya
        Sonya R, Burke
        Post Office Box 2168
        500 Fourth Street NW, Suite 1000
        Albuquerque, New Mexico 87103-2168
        Telephone: (505) 848-1800

*Attorneys for Defendant*

WE HEREBY CERTIFY that on this 29th day of November, we filed the forgoing electronically through the court's electronic filing system, which caused the following parties or counsel to be served by electronic mail:

>Steven R. Almanzar
>ALMANZAR & YOUNGERS, P.A.
>P.O. Box 7256
>Las Cruces, NM 88006

*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: __/s/ Jennifer A. Noya__
     Jennifer A. Noya

*W2829242.DOCX*