# EXHIBIT 1

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
10/18/2016 5:03:52 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT


**WELCOME PROPERTIES 201, LLC,**

        Plaintiff,

    v.

**NATIONAL FIRE & MARINE INSURANCE CO.,**      No: D-307-CV-2016-02325
                                           Judge Manuel I. Arrieta

        Defendant.


## AMENDED COMPLAINT FOR BREACH OF CONTRACT AND FIDUCIARY DUTY, INSURANCE BAD FAITH, VIOLATIONS OF THE INSURANCE CODE AND UNFAIR TRADE PRACTICES ACT

Plaintiff, Welcome Properties 201, LLC, appears through its attorneys, Almanzar & Youngers, P.A. (Steven R. Almanzar), for its Complaint against Defendant, National Fire & Marine Insurance Co., alleges as follows:

### Parties & Jurisdiction

1.     At all times material herein Plaintiff, Welcome Properties 201, LLC (hereinafter referred to as "Welcome Properties" or "Plaintiff"), is a New Mexico corporation with its principal place of business at 201 E University, Las Cruces, New Mexico 88005.

2.     Defendant, National Fire & Marine Insurance Co. (hereinafter referred to as "National Fire & Marine" or "Defendant"), is a Nebraska corporation with its principal place of business at 1214 Douglas Street, Omaha, Nebraska 68102.

3.    Defendant is authorized to do business in the State of New Mexico and was engaged in the business of underwriting and issuing property and casualty insurance policies.

4.    The events giving rise to this action took place in Las Cruces, New Mexico.

5.    This Court has jurisdiction over the subject matter and the parties to this litigation.

6.    Venue is proper in this Court.

## General Allegations

7.    Plaintiff re-alleges paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.    At all times relevant Plaintiff owned the property located at 201 E University, Las Cruces, New Mexico, 88005 (hereinafter referred to as "the Property").

9.    Defendant issued a Common Policy to Plaintiff, policy number 12 PRM002189-03 with an effective date December 31, 2015 through December 31, 2016, which insured the Property (hereinafter referred to as "the Policy").  The Policy is attached as Exhibit A.

10.   Pursuant to the terms of the Policy, Defendant agreed to pay for direct physical loss or damage to Covered Property at the location described in the Declarations caused by or resulting from any Covered Cause of Loss.

11.   Plaintiff has substantially complied with all conditions of the Policy regarding the May Claim.

2

12.   To date, Defendant has failed to pay Plaintiff pursuant to the Policy for all

its losses and damages in the May Claim.

## COUNT I

### (Breach of Contract and Covenant of Good Faith
### and Fair Dealing as to Claim No. 12-30-376005)

13.   Plaintiff incorporates and re-alleges paragraphs 1 through 12 of the

Complaint as though fully set forth herein.

14.   On or about February 6, 2016, while the Policy was in full force and effect,

the Property was directly and physically damaged by a Covered Cause of

Loss, namely wind and hail damage.

15.   Plaintiff duly submitted a claim, Claim No. 12-30-376005 ("hereinafter

referred to as "Claim 6005"), to the Defendant under the Policy for its

losses and damages.

16.   Plaintiff had a contract with Defendant to provide coverage as set forth in

the Policy and to conform with Plaintiff's reasonable expectations of

coverage thereunder.

17.   There was a covenant of good faith and fair dealing in the contract entered

into between Plaintiff and Defendant.

18.   Plaintiff substantially performed all conditions required by the Policy,

including paying all premiums, giving prompt notice to Defendant of the

loss and damage, and cooperating with Defendant's investigation of the

loss and damage.

19.   As a result, it is Defendant's duty to pay Plaintiff for all of the losses and

damages sustained to the Property.

20.     Although requested to do so, Defendant has failed and/or refused to pay Plaintiff for all their losses and damages in breach of the express terms of the Policy.

21.     Defendant has breached its contract with Plaintiff, in bad faith, as well as the covenant of good faith and fair dealing implied within the contract, in the following particulars:

   a.     By failing to pay Plaintiff's legitimate claim;

   b.     By misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverages at issue;

   c.     By failing to act fairly and honestly with Plaintiff;

   d.     Placing its interest above those of its insured, Plaintiff.

22.     As a direct and proximate result of Defendant's bad faith breach of contract, Plaintiff has sustained damages and has been forced to file this suit to enforce the terms and conditions of the Policy with Defendant.

23.     Defendant's breach of contract and the covenant of good faith and fair dealing was willful, wanton, reckless, malicious, oppressive and in bad faith in disregard of Plaintiff's rights under the Policy.

## COUNT II

### (Breach of Contract and Covenant of Good Faith and Fair Dealing as to Claim No. 12-30-393551)

24.     Plaintiff incorporates and re-alleges paragraphs 1 through 23 of the Complaint as though fully set forth herein.

4

25.     On or about May 18, 2016, while the Policy was in full force and effect, the
        Property was directly and physically damaged by a Covered Cause of
        Loss, namely wind and hail damage.

26.     Plaintiff duly submitted a claim, Claim No. 12 30 393551 ("hereinafter
        referred to as "Claim 3551"), to the Defendant under the Policy for its
        losses and damages.

27.     Plaintiff had a contract with Defendant to provide coverage as set forth in
        the Policy and to conform with Plaintiff's reasonable expectations of
        coverage thereunder.

28.     There was a covenant of good faith and fair dealing in the contract entered
        into between Plaintiff and Defendant.

29.     Plaintiff substantially performed all conditions required by the Policy,
        including paying all premiums, giving prompt notice to Defendant of the
        loss and damage, and cooperating with Defendant's investigation of the
        loss and damage.

30.     As a result, it is Defendant's duty to pay Plaintiff for all of the losses and
        damages sustained to the Property.

31.     Although requested to do so, Defendant has failed and/or refused to pay
        Plaintiff for all their losses and damages in breach of the express terms of
        the Policy.

32.     Defendant has breached its contract with Plaintiff, in bad faith, as well as
        the covenant of good faith and fair dealing implied within the contract, in
        the following particulars:

5

a.    By failing to pay Plaintiff's legitimate claim;

b.    By misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverages at issue;

c.    By failing to act fairly and honestly with Plaintiff;

d.    Placing its interest above those of its insured, Plaintiff.

33.    As a direct and proximate result of Defendant's bad faith breach of contract, Plaintiff has sustained damages and has been forced to file this suit to enforce the terms and conditions of the Policy with Defendant.

34.    Defendant's breach of contract and the covenant of good faith and fair dealing was willful, wanton, reckless, malicious, oppressive and in bad faith in disregard of Plaintiff's rights under the Policy.

## COUNT III

### (Insurance Bad Faith and Breach of Fiduciary Duty as to Claim 6005)

35.    Plaintiff incorporates and re-alleges paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.    Defendant had a fiduciary duty to Plaintiff, to deal with Plaintiff in good faith in all matters pertaining to the performance of their insurance contract and policy, including their handling of Claim 6005.

37.    Defendant has breached its fiduciary duty of good faith and fair dealing under the insurance contract by, *inter alia*, the following:

a.    Through a course of dealing and conduct continuing through the filing of this lawsuit, by unreasonably and improperly denying Plaintiff's claim;

6

b.   By unreasonably delaying the payment of Plaintiff's property loss claim to the extent of the available property damage coverages;

c.   Negligently or intentionally misrepresenting the coverage, terms and conditions of Plaintiff's policy with Defendant;

d.   Failing to act fairly and honestly as required under the implied covenant of good faith and fair dealing incorporated in within its policy with Plaintiff; and,

e.   Placing its interests above those of their insured, Plaintiff.

38.   Defendant's conduct has been willful, wanton, reckless, malicious, indifferent, and/or in bad faith disregard of Plaintiff's rights.

39.   Plaintiff has sustained damages as a proximate result of Defendant's actions, omissions, or failures to act.

## COUNT IV

### (Insurance Bad Faith and Breach of Fiduciary Duty as to Claim 3551)

40.   Plaintiff incorporates and re-alleges paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.   Defendant had a fiduciary duty to Plaintiff, to deal with Plaintiff in good faith in all matters pertaining to the performance of their insurance contract and policy, including their handling of Claim 3551.

42.   Defendant has breached its fiduciary duty of good faith and fair dealing under the insurance contract by, *inter alia*, the following:

7

a.    Through a course of dealing and conduct continuing through the filing of this lawsuit, by unreasonably and improperly denying Plaintiff's claim;

b.    By unreasonably delaying the payment of Plaintiff's property loss claim to the extent of the available property damage coverages;

c.    Negligently or intentionally misrepresenting the coverage, terms and conditions of Plaintiff's policy with Defendant;

d.    Failing to act fairly and honestly as required under the implied covenant of good faith and fair dealing incorporated in within its policy with Plaintiff; and,

e.    Placing its interests above those of their insured, Plaintiff.

43.    Defendant's conduct has been willful, wanton, reckless, malicious, indifferent, and/or in bad faith disregard of Plaintiff's rights.

44.    Plaintiff has sustained damages as a proximate result of Defendant's actions, omissions, or failures to act.

## COUNT V

### (Violation of the Unfair Trade Practices Act as to Claim 6005)

45.    Plaintiff incorporates and re-alleges paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46.    Defendant violated the New Mexico Unfair Trade Practices Act, NMSA 1978 § 57-12-1 *et seq.*, by some or all of the acts described above and by:

8

    a.     Defendant sought to, and did in fact, take advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree;

    b.     Failing to deliver the quality or quantity of goods or services contracted for;

    c.     Failing to disgorge unearned premiums to Plaintiff resulting in a gross disparity between the value revived by Plaintiff and the price Plaintiff paid; and.

    d.     By stating the Defendant's insurance policy involved rights, remedies, or obligations that it does not involve or are otherwise contrary to well established law.

47.    Defendant's actions, omissions, and failure to act, singularly or in combination, were done knowingly and willfully.

48.    Plaintiff sustained damages as a direct and proximate result of Defendant's actions, omissions, and failures to act.

## COUNT VI

### (Violation of the Unfair Trade Practices Act as to Claim 3551)

49.    Plaintiff incorporates and re-alleges paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50.    Defendant violated the New Mexico Unfair Trade Practices Act, NMSA 1978 § 57-12-1 *et seq.*, by some or all of the acts described above and by:

9

a.   Defendant sought to, and did in fact, take advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree;

b.   Failing to deliver the quality or quantity of goods or services contracted for;

c.   Failing to disgorge unearned premiums to Plaintiff resulting in a gross disparity between the value revived by Plaintiff and the price Plaintiff paid; and.

d.   By stating the Defendant's insurance policy involved rights, remedies, or obligations that it does not involve or are otherwise contrary to well established law.

51.   Defendant's actions, omissions, and failure to act, singularly or in combination, were done knowingly and willfully.

52.   Plaintiff sustained damages as a direct and proximate result of Defendant's actions, omissions, and failures to act.

## COUNT VII

### (Violations of the Insurance Code as to Claim 6005)

53.   Plaintiff incorporates and re-alleges paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54.   Defendant, in the handling of Claim 6005, violated the New Mexico Insurance Code, NMSA 1978 § 59 A-16-1 *et seq.* and § 59 A-16-4, by its actions described and by:

a.   Misrepresenting the coverage terms and conditions of the policy to Plaintiff;

b.   Misrepresenting and/or omitting pertinent facts or policy provisions related to coverages at issue;

c.   Not attempting in good faith to effectuate prompt, fair, and equitable settlement of its insured's claim in which liability had become reasonably clear;

d.   Failing to provide the insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim;

e.   Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insured arising under the policy.

55.   Defendant knowingly committed on or more of the actions described herein.

56.   Defendant's conduct was willful, wanton, malicious, indifferent, and/or in bad faith disregard of Plaintiff's rights.

57.   Plaintiff sustained damages as a direct and proximate result of Defendant's actions, omissions, or failure to act.

**COUNT VIII**

**(Violations of the Insurance code as to Claim 3551)**

58.   Plaintiff incorporates and re-alleges paragraphs 1 through 57 of the Complaint as though fully set forth herein.

11

59.    Defendant, in the handling of Claim 3551, violated the New Mexico
       Insurance Code, NMSA 1978 § 59 A-16-1 *et seq.* and § 59 A-16-4, by its
       actions described and by:

       a.    Misrepresenting the coverage terms and conditions of the policy to
             Plaintiff;

       b.    Misrepresenting and/or omitting pertinent facts or policy provisions
             related to coverages at issue;

       c.    Not attempting in good faith to effectuate prompt, fair, and equitable
             settlement of its insured's claim in which liability had become
             reasonably clear;

       d.    Failing to provide the insured a reasonable explanation of the basis
             relied on in the policy in relation to the facts or applicable law for
             denial of a claim;

       e.    Failing to acknowledge and act reasonably promptly upon
             communications with respect to claims from insured arising under
             the policy.

60.    Defendant knowingly committed on or more of the actions described
       herein.

61.    Defendant's conduct was willful, wanton, malicious, indifferent, and/or in
       bad faith disregard of Plaintiff's rights.

62.    Plaintiff sustained damages as a direct and proximate result of
       Defendant's actions, omissions, or failure to act.

## Prayer For Relief

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

    A.    For compensatory and treble damages in an amount to be ascertained at trial;

    B.    For incidental and consequential damages;

    C.    For an award of attorney's fees under § 39-2-1, §59-16-30 and §57-12-10;

    D.    For an award of costs incurred;

    E.    For exemplary and punitive damages to deter Defendant and others from the commissions of like offenses;

    F.    For pre- and post-judgment interest; and

    G.    For such additional and further relief as the Court may deem just and proper.

Plaintiff hereby requests a trial by jury on all issues.

Respectfully submitted,

**ALMANZAR & YOUNGERS, P.A.**

/s/ Steven R. Almanzar

_____

STEVEN R. ALMANZAR
PO Box 7256
Las Cruces, NM  88006
575.541.8000
steve@ay-law.com

*Attorney for Plaintiffs*


**CHILDRESS LOUCKS & PLUNKETT**

Michael L. Childress
Scott Green
500 N. Dearborn Street, Suite 1200
Chicago, IL 60610
(312) 494-0200
sgreen@childresslawyers.com
mchildress@childresslawyers.com

*Attorneys for Plaintiff*
*(to appear Pro Hac Vice)*

14

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
10/18/2016 3:43:12 PM
CLAUDE BOWMAN
Rocio Delgado

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT

**WELCOME PROPERTIES 201, LLC,**

      Plaintiff,

  v.

**NATIONAL FIRE & MARINE INSURANCE CO.,**
                                        No: D-307-CV-2016-02325
      Defendant.                              Judge:Arrieta, Manuel I.

## JURY DEMAND

    Plaintiff Welcome Properties 201, LLC, by and through its attorney, appears and

demands a trial by a six person jury of all issues triable of right by jury and tenders the

sum of $150.00 for the jury fee.

                         Respectfully submitted,

                         **ALMANZAR & YOUNGERS, P.A.**

                         */s/ Steven R. Almanzar*

                         STEVEN R. ALMANZAR
                         PO Box 7256
                         Las Cruces, NM   88006
                         575.541.8000
                         steve@ay-law.com

                         *Attorney for Plaintiffs*

**CHILDRESS LOUCKS & PLUNKETT**

Michael L. Childress
Scott Green
500 N. Dearborn Street, Suite 1200
Chicago, IL 60610
(312) 494-0200
sgreen@childresslawyers.com
mchildress@childresslawyers.com

*Attorneys for Plaintiff*
*(to appear Pro Hac Vice)*

2

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
10/19/2016 11:30:45 AM
CLAUDE BOWMAN
Noemi Ramirez

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**WELCOME PROPERTIES 201, LLC,**

**Plaintiff,**

**vs**                                       **D-307-CV- 2016-02325**

**Judge Manuel I Arrieta**

**NATIONAL FIRE & MARINE INSURANCE CO.,**
**Defendant.**

## ORDER REQUIRING SCHEDULING REPORTS
## and a DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE,
## and LIMITING STIPULATIONS TO ENLARGE TIME
## FOR RESPONSIVE PLEADINGS

**IT IS SO ORDERED:**

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service.  Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.    Within sixty (60) days after the complaint is filed, parties of record shall file a Scheduling Report (LR3-502) with copies to opposing parties and the assigned judge.  Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C (*see Appendix to the Local Rules for all forms*), or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C.    Any party who enters the case more than sixty (60) days after the filing of the initial pleading shall file a Scheduling Report within ten (10) days and deliver a copy to the assigned judge.

**D.**   If all parties are not of record within sixty (60) days after the filing date of the initial pleading, each party making a claim against one or more absent parties (*Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.*) shall, within five (5) business days after the 60th day, file with the court, serve parties of record and deliver a copy to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Case at Issue".

**E.**   Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

**F.**   When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

**G.**   If appropriate, the court will refer this matter to settlement facilitation under Part VII of the Local Rules of the Third Judicial District Court.

**H.**   For cases subject to arbitration under Local Rule LR3-706 NMRA, the parties may file a written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned judge within sixty (60) days after the initial complaint has been filed or ten (10) days after all parties are joined if LR3-Form 2.14 NMRA has been filed. If the parties cannot stipulate, the party seeking waiver of facilitation may file a motion for relief from facilitation.

**I.**   Within seventy-five (75) days from the date the complaint was filed, or fifteen (15) days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

    **(1)**   stipulate to a discovery plan and file the stipulation with the court, or

    **(2)**   request a hearing to establish a discovery plan pursuant to Paragraph B of Rule 1-016 NMRA.

(3)  In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (100) days after the complaint was filed or fifteen (15) days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

   a.  The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

   b.  A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

   c.  A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

   d.  For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

   e.  If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties.  The parties shall confer regarding the nature and extent of the release and stipulate, if possible.  If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court.  A copy of the

memorandum and proposed form shall be delivered to the assigned judge.  Rule

1-007.1 NMRA shall apply.

**J.**      Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in

Subparagraphs (3)(a) through (e) of Paragraph I of this Order.

**K.**      Intent to Call Expert Witness - Disclosure.      No later than sixty (60) days after filing their

respective complaint or responsive pleading, all parties shall exchange a "Notice of Intent to Call

Expert Witness(es)".  The parties shall list the names, addresses and phone numbers for all

anticipated experts, including a brief summary of the subject matter of each witness' testimony.

If an expert has not yet been identified by a party, the parties must list the specialized area(s) in

which an expert is anticipated to be retained and a brief summary of the areas or issues on which

the expert is expected to testify on.  All parties are to observe their continuing duty to timely

supplement discovery and shall further abide by the requirements of section 8 (A-E) of the

07/15/2014 attachment to the scheduling order filed,  with respect to each expert listed.


_____
Hon. Manuel I Arrieta, District Court Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Delivered to Plaintiff on: October 19, 2016.

Claude Bowman
Clerk of Court
*Noemi Ramirez*
Deputy – Noemi Ramirez

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
10/21/2016 12:07:24 PM
CLAUDE BOWMAN
Joseph Martinez

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT

**WELCOME PROPERTIES 201, LLC,**

        Plaintiff,

    v.

**NATIONAL FIRE & MARINE INSURANCE CO.,**      No: D-307-CV-2016-02325
                                      Judge Manuel I. Arrieta

        Defendant.

## COURT ANNEXED ARBITRATION CERTIFICATION

    Plaintiffs, by and through undersigned counsel, pursuant to Third Judicial District

Local Rule, Rule LR3-706B, certify as follows:

[ ]    This party seeks only a money judgment and the amount sought does not

       exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive

       damages, interest, costs and attorney's fees.

[X]    This party seeks relief other than a money judgment and/or seeks relief in

       excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive

       damages, interest, costs and attorney's fees.

                    Respectfully submitted,

                    **ALMANZAR & YOUNGERS, P.A.**

                    */s/ Steven R. Almanzar*

                    STEVEN R. ALMANZAR
                    PO Box 7256
                    Las Cruces, NM  88006
                    575.541.8000
                    steve@ay-law.com

                    *Attorney for Plaintiff*



PO Box 1689
Santa Fe, NM 87504-1689

7012 3460 0003 1668 5468

ZIP 87501
02 4W
0000340468

RECEIVED

NOV 0 4 2016

1314 Doug
Omaha NE

National Fire & Marine Ins. Co.
J. Michael Gottschalk
1314 Douglas St., Suite 1400
Omaha, NE 68102-1944