# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW MEXICO

WELCOME PROPERTIES 201, LLC,

    Plaintiff,

v.                                                           No. 16-cv-01301JCH-SMV

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendant.

## SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT AND FIDUCIARY DUTY, INSURANCE BAD FAITH, VIOLATIONS OF THE INSURANCE CODE AND UNFAIR TRADE PRACTICES ACT

    Plaintiff, Welcome Properties 201, LLC, appears through its undersigned attorneys, for its Second Amended Complaint against Defendant, National Fire & Marine Insurance Co., alleges as follows:

### Parties & Jurisdiction

    1.    At all times material herein Plaintiff, Welcome Properties 201, LLC (hereinafter referred to as "Welcome Properties" or "Plaintiff"), is a New Mexico corporation with its principal place of business at 201 E University, Las Cruces, New Mexico 88005.

    2.    Defendant, National Fire & Marine Insurance Co. (hereinafter referred to as "National Fire & Marine" or "Defendant"), is a Nebraska corporation with its principal place of business at 1214 Douglas Street, Omaha, Nebraska 68102.

    3.    Defendant is authorized to do business in the State of New Mexico and was engaged in the business of underwriting and issuing property and casualty insurance policies.

    4.    The events giving rise to this action took place in Las Cruces, New Mexico.

    5.    This Court has jurisdiction over the subject matter and the parties to this litigation.

6.       Venue is proper in this Court.

## General Allegations

7.       Plaintiff re-alleges paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.       At all times relevant Plaintiff owned the property located at 201 E University, Las Cruces, New Mexico, 88005 (hereinafter referred to as "the Property").

9.       Defendant issued a Common Policy to Plaintiff policy number 12 PRM002189-02 with an effective date December 31, 2014 through December 31, 2015 and then renewed this Common Policy under policy number 12 PRM002189-03 with an effective date December 31, 2015 through December 31, 2016, which insured the Property (collectively hereinafter referred to as "the Policy").  The Policy is attached as Exhibit A.

10.       Pursuant to the terms of the Policy, Defendant agreed to pay for direct physical loss or damage to Covered Property at the location described in the Declarations caused by or resulting from any Covered Cause of Loss.

11.       Plaintiff has substantially complied with all conditions of the Policy regarding the May Claim.

12.       To date, Defendant has failed to pay Plaintiff pursuant to the Policy for all its losses and damages in the May Claim.

## COUNT I

**(Breach of Contract and Covenant of Good Faith
and Fair Dealing as to Claim No. 12-30-378618)**

13.       Plaintiff incorporates and re-alleges paragraphs 1 through 12 of the Complaint as though fully set forth herein.

14. On or about October 3, 2015, while the Policy was in full force and effect, the Property was directly and physically damaged by a Covered Cause of Loss, namely wind and hail damage.

15. Plaintiff duly submitted a claim, Claim No. 12-30-378618 ("hereinafter referred to as "Claim 8618"), to the Defendant under the Policy for its losses and damages.

16. Plaintiff had a contract with Defendant to provide coverage as set forth in the Policy and to conform with Plaintiff's reasonable expectations of coverage thereunder.

17. There was a covenant of good faith and fair dealing in the contract entered into between Plaintiff and Defendant.

18. Plaintiff substantially performed all conditions required by the Policy, including paying all premiums, giving prompt notice to Defendant of the loss and damage, and cooperating with Defendant's investigation of the loss and damage.

19. As a result, it is Defendant's duty to pay Plaintiff for all of the losses and damages sustained to the Property.

20. Although requested to do so, Defendant has failed and/or refused to pay Plaintiff for all their losses and damages in breach of the express terms of the Policy.

21. Defendant has breached its contract with Plaintiff, in bad faith, as well as the covenant of good faith and fair dealing implied within the contract, in the following particulars:

    a. By failing to pay Plaintiff's legitimate claim;

    b. By misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverages at issue;

    c. By failing to act fairly and honestly with Plaintiff;

    d. Placing its interest above those of its insured, Plaintiff.

22. As a direct and proximate result of Defendant's bad faith breach of contract, Plaintiff has sustained damages and has been forced to file this suit to enforce the terms and conditions of the Policy with Defendant.

23. Defendant's breach of contract and the covenant of good faith and fair dealing was willful, wanton, reckless, malicious, oppressive and in bad faith in disregard of Plaintiff's rights under the Policy.

## **COUNT II**

### **(Breach of Contract and Covenant of Good Faith and Fair Dealing as to Claim No. 12-30-393551)**

24. Plaintiff incorporates and re-alleges paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. On or about May 18, 2016, while the Policy was in full force and effect, the Property was directly and physically damaged by a Covered Cause of Loss, namely wind and hail damage.

26. Plaintiff duly submitted a claim, Claim No. 12 30 393551 ("hereinafter referred to as "Claim 3551"), to the Defendant under the Policy for its losses and damages.

27. Plaintiff had a contract with Defendant to provide coverage as set forth in the Policy and to conform with Plaintiff's reasonable expectations of coverage thereunder.

28. There was a covenant of good faith and fair dealing in the contract entered into between Plaintiff and Defendant.

29. Plaintiff substantially performed all conditions required by the Policy, including paying all premiums, giving prompt notice to Defendant of the loss and damage, and cooperating with Defendant's investigation of the loss and damage.

30. As a result, it is Defendant's duty to pay Plaintiff for all of the losses and damages sustained to the Property.

31. Although requested to do so, Defendant has failed and/or refused to pay Plaintiff for all their losses and damages in breach of the express terms of the Policy.

32. Defendant has breached its contract with Plaintiff, in bad faith, as well as the covenant of good faith and fair dealing implied within the contract, in the following particulars:

    a. By failing to pay Plaintiff's legitimate claim;

    b. By misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverages at issue;

    c. By failing to act fairly and honestly with Plaintiff;

    d. Placing its interest above those of its insured, Plaintiff.

33. As a direct and proximate result of Defendant's bad faith breach of contract, Plaintiff has sustained damages and has been forced to file this suit to enforce the terms and conditions of the Policy with Defendant.

34. Defendant's breach of contract and the covenant of good faith and fair dealing was willful, wanton, reckless, malicious, oppressive and in bad faith in disregard of Plaintiff's rights under the Policy.

## COUNT III

**(Insurance Bad Faith and Breach
of Fiduciary Duty as to Claim 8618)**

35. Plaintiff incorporates and re-alleges paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Defendant had a fiduciary duty to Plaintiff, to deal with Plaintiff in good faith in all matters pertaining to the performance of their insurance contract and policy, including their handling of Claim 8618.

37. Defendant has breached its fiduciary duty of good faith and fair dealing under the insurance contract by, *inter alia*, the following:

    a. Through a course of dealing and conduct continuing through the filing of this lawsuit, by unreasonably and improperly denying Plaintiff's claim;

    b. By unreasonably delaying the payment of Plaintiff's property loss claim to the extent of the available property damage coverages;

    c. Negligently or intentionally misrepresenting the coverage, terms and conditions of Plaintiff's policy with Defendant;

    d. Failing to act fairly and honestly as required under the implied covenant of good faith and fair dealing incorporated in within its policy with Plaintiff; and,

    e. Placing its interests above those of their insured, Plaintiff.

38. Defendant's conduct has been willful, wanton, reckless, malicious, indifferent, and/or in bad faith disregard of Plaintiff's rights.

39. Plaintiff has sustained damages as a proximate result of Defendant's actions, omissions, or failures to act.

## COUNT IV

### (Insurance Bad Faith and Breach of Fiduciary Duty as to Claim 3551)

40. Plaintiff incorporates and re-alleges paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Defendant had a fiduciary duty to Plaintiff, to deal with Plaintiff in good faith in all matters pertaining to the performance of their insurance contract and policy, including their handling of Claim 3551.

42. Defendant has breached its fiduciary duty of good faith and fair dealing under the insurance contract by, *inter alia*, the following:

    a. Through a course of dealing and conduct continuing through the filing of this lawsuit, by unreasonably and improperly denying Plaintiff's claim;

    b. By unreasonably delaying the payment of Plaintiff's property loss claim to the extent of the available property damage coverages;

    c. Negligently or intentionally misrepresenting the coverage, terms and conditions of Plaintiff's policy with Defendant;

    d. Failing to act fairly and honestly as required under the implied covenant of good faith and fair dealing incorporated in within its policy with Plaintiff; and,

    e. Placing its interests above those of their insured, Plaintiff.

43. Defendant's conduct has been willful, wanton, reckless, malicious, indifferent, and/or in bad faith disregard of Plaintiff's rights.

44. Plaintiff has sustained damages as a proximate result of Defendant's actions, omissions, or failures to act.

## COUNT V

**(Violation of the Unfair Trade Practices Act as to Claim 8618)**

45. Plaintiff incorporates and re-alleges paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. Defendant violated the New Mexico Unfair Trade Practices Act, NMSA 1978 § 57-12-1 *et seq.*, by some or all of the acts described above and by:

    a. Defendant sought to, and did in fact, take advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree;

    b. Failing to deliver the quality or quantity of goods or services contracted for;

    c. Failing to disgorge unearned premiums to Plaintiff resulting in a gross disparity between the value revived by Plaintiff and the price Plaintiff paid; and

    d. By stating the Defendant's insurance policy involved rights, remedies, or obligations that it does not involve or are otherwise contrary to well established law.

47. Defendant's actions, omissions, and failure to act, singularly or in combination, were done knowingly and willfully.

48. Plaintiff sustained damages as a direct and proximate result of Defendant's actions, omissions, and failures to act.

## COUNT VI

**(Violation of the Unfair Trade Practices Act as to Claim 3551)**

49. Plaintiff incorporates and re-alleges paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Defendant violated the New Mexico Unfair Trade Practices Act, NMSA 1978 § 57-12-1 *et seq.*, by some or all of the acts described above and by:

    a. Defendant sought to, and did in fact, take advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree;

    b. Failing to deliver the quality or quantity of goods or services contracted for;

      c.      Failing to disgorge unearned premiums to Plaintiff resulting in a gross disparity between the value revived by Plaintiff and the price Plaintiff paid; and.

      d.      By stating the Defendant's insurance policy involved rights, remedies, or obligations that it does not involve or are otherwise contrary to well established law.

51.    Defendant's actions, omissions, and failure to act, singularly or in combination, were done knowingly and willfully.

52.    Plaintiff sustained damages as a direct and proximate result of Defendant's actions, omissions, and failures to act.

## COUNT VII

### (Violations of the Insurance Code as to Claim 8618)

53.    Plaintiff incorporates and re-alleges paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54.    Defendant, in the handling of Claim 8618, violated the New Mexico Insurance Code, NMSA 1978 § 59 A-16-1 *et seq.* and § 59 A-16-4, by its actions described and by:

      a.      Misrepresenting the coverage terms and conditions of the policy to Plaintiff;

      b.      Misrepresenting and/or omitting pertinent facts or policy provisions related to coverages at issue;

      c.      Not attempting in good faith to effectuate prompt, fair, and equitable settlement of its insured's claim in which liability had become reasonably clear;

      d.      Failing to provide the insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim;

      e.      Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insured arising under the policy.

55. Defendant knowingly committed on or more of the actions described herein.

56. Defendant's conduct was willful, wanton, malicious, indifferent, and/or in bad faith disregard of Plaintiff's rights.

57. Plaintiff sustained damages as a direct and proximate result of Defendant's actions, omissions, or failure to act.

## COUNT VIII

### (Violations of the Insurance code as to Claim 3551)

58. Plaintiff incorporates and re-alleges paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59. Defendant, in the handling of Claim 3551, violated the New Mexico Insurance Code, NMSA 1978 § 59 A-16-1 *et seq.* and § 59 A-16-4, by its actions described and by:

      a.      Misrepresenting the coverage terms and conditions of the policy to Plaintiff;

      b.      Misrepresenting and/or omitting pertinent facts or policy provisions related to coverages at issue;

      c.      Not attempting in good faith to effectuate prompt, fair, and equitable settlement of its insured's claim in which liability had become reasonably clear;

      d.      Failing to provide the insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim;

      e.      Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insured arising under the policy.

60.    Defendant knowingly committed on or more of the actions described herein.

61.    Defendant's conduct was willful, wanton, malicious, indifferent, and/or in bad faith disregard of Plaintiff's rights.

62.    Plaintiff sustained damages as a direct and proximate result of Defendant's actions, omissions, or failure to act.

## **Prayer For Relief**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

    A.    For compensatory and treble damages in an amount to be ascertained at trial;

    B.    For incidental and consequential damages;

    C.    For an award of attorney's fees under § 39-2-1, §59-16-30 and §57-12-10;

    D.    For an award of costs incurred;

    E.    For exemplary and punitive damages to deter Defendant and others from the commissions of like offenses;

    F.    For pre- and post-judgment interest; and

    G.    For such additional and further relief as the Court may deem just and proper.

Plaintiff hereby requests a trial by jury on all issues.

Respectfully submitted,

**CHILDRESS LOUCKS & PLUNKETT**

/s/ Scott D. Green
Scott Green
11 W. Illinois Street, 4th Floor
Chicago, IL 60610
Tel: (312) 494-0200
PHV0306
sgreen@childresslawyers.com

*Pro Hac Vice Attorney for Plaintiff*


**ALMANZAR & YOUNGERS, P.A.**

JOLEEN YOUNGERS
STEVEN R. ALMANZAR
PO Box 7256
Las Cruces, NM  88006
Tel: (575) 541-8000
jyoungers@ay-law.com
steve@ay-law.com

*Attorneys for Plaintiff*