# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**WELCOME PROPERTIES 201, LLC,**

    **Plaintiff,**

v.                                           No. 16-cv-01301 JCH/SMV

**NATIONAL FIRE & MARINE INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On February 8, 2017, Defendant National Fire & Marine Insurance Company ("Defendant") filed a Memorandum Motion to Bifurcate and Stay Discovery Regarding Extra-Contractual Claims (ECF No. 13). The Court, having considered the pleadings, motion, briefs, and relevant law, concludes that the motion should be denied.

### I. BACKGROUND

This case arises out of a dispute over a property insurance claim. Plaintiff Welcome Properties 201, LLC ("Plaintiff") alleges it owns a property located at 201 E University, Las Cruces, New Mexico ("the Property"), for which Defendant issued an insurance policy ("the Policy") to pay for direct physical loss or damage to the Property caused by or resulting from any covered loss. *See* Second Am. Compl. ¶¶ 8-10, ECF No. 24. Plaintiff contends that on or about October 3, 2015, while policy number 12 PRM002189-02 was in effect, and again on May 18, 2016, while renewed policy number 12 PRM002189-03 was in effect, the Property was directly and physically damaged by wind and hail, a covered loss. *See id.* ¶ 9, 14, 25. Plaintiff asserts that, despite paying all premiums, giving prompt notice to Defendant of the loss and damage, submitting a claim for loss, and cooperating with Defendant's investigation, Defendant failed to

pay Plaintiff for its losses and damages in breach of the express terms of the policy and in breach of the covenant of good faith and fair dealing. *See id.* ¶¶ 14-34.

In addition to asserting breach of contract and breach of the covenant of good faith and fair dealing in Counts I and II, Plaintiff further alleges that Defendant acted in bad faith and breached its fiduciary duty of good faith and fair dealing under the Policy (Counts III and IV), violated the Unfair Trade Practices Act (Counts V and VI), and violated the New Mexico Insurance Code (Counts VII and VIII). *See id.* ¶¶ 35-62. Defendant moves to bifurcate and stay the extra-contractual claims asserted in Counts III through VIII until there has been a determination as to the amount of damages due, if any, under the Policy.

## II.     STANDARD

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, [or] claims…" Fed. R. Civ. P. 42(b). A district court has broad discretion in determining whether to sever claims for trial. *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985). Bifurcation may be in the interest of efficiency and judicial economy when the issues are clearly separable or resolution of one claim obviates the need to adjudicate other claims. *See Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 194 (10th Cir. July 14, 2004).

## III.    ANALYSIS

Although a determination of Counts I and II in favor of Defendant would dispose of the extra-contractual claims, Defendant has not established that convenience, efficiency, or prejudice to Defendant warrants separate trials. In this case, the breach of contract claims involve whether the Property sustained wind and hail damage in the amount claimed by Plaintiff, while the extra-contractual claims involve the fairness and reasonableness of the investigation, of Defendant's

2

determination of the amount of damages to the Property, and of its denial of Plaintiff's claims for damages. *See* NM UJI 13-1702 ("In deciding whether to pay a claim, the insurance company must act reasonably under the circumstances to conduct a timely and fair [investigation or evaluation] of the claim."). Defendant has not convinced the Court that there will be no overlap in evidence and testimony between Counts I and II and Counts III through XIII that compels bifurcation. There are similar factual underpinnings between the contractual and extra-contractual claims – the amount of the damages caused by the wind and hail and whether Defendant's determination of the amount of covered loss was reasonable. If a jury determines there was a breach of contract, evidence regarding the damages would be presented twice. Bifurcation and stay would require the parties to restart discovery, thus prolonging the course of the case.

Moreover, any potential prejudice in a joint trial is minimal and could be cured through appropriate jury instructions or other means. Bifurcating and staying discovery at this stage is not in the interest of efficiency and is not necessary to avoid prejudice.

**IT IS THEREFORE ORDERED** that Defendant National Fire & Marine Insurance Company's Memorandum Motion to Bifurcate and Stay Discovery Regarding Extra-Contractual Claims (**ECF No. 13**) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**