**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| WELCOME PROPERTIES 201, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-001301-JCH/SMV |
| | ) | |
| NATIONAL FIRE & MARINE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFF'S**
**THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Plaintiff, Welcome Properties 201, LLC ("Welcome Properties" or "Plaintiff"), by and through its attorneys, Childress Loucks & Plunkett, Ltd., moves this Court pursuant to Fed. R. Civ. P. 37(a), for an Order Compelling Defendant, National Fire & Marine Insurance Company ("National" or "Defendant"), to adequately and fully respond to Interrogatories No. 29, 30, 32, 33, 35, and 36, and Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56, and 57. In support thereof, Welcome Properties states the following:

Plaintiff's third set of written discovery was directed to Defendant's potential extracontractual liability and potential bad faith handling of the Plaintiff's claims. This discovery was necessitated because discovery was bifurcated and stayed with respect to extra contract and bad faith discovery. In response to all prior discovery Defendant objected based on the order bifurcating and staying discovery.

Now in its responses to the discovery directed to Defendant's bad faith claim handling, Defendant objected and produced a total of three pages.

1

Plaintiff's Motion with respect to discovery concerns three separate and distinct requests: Interrogatories No. 29, 32, and 36, Interrogatories No. 30, 33, and 35, and Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56, and 57.

**I.        Interrogatories No. 29, 32, and 36**

1.    Plaintiff's counsel attempted in good faith to resolve the dispute regarding Defendant's responses to Interrogatories No. 29, 30, 32, 33, 35, and 36 and Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56, and 57 in a letter dated December 15, 2017. *See* Correspondence attached hereto as Exhibit A.

2.    Defendant's responded to Interrogatories No. 29, 32, and 36 stating each was not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." *See* Defendant's Responses and Objections to Plaintiff's Third Set of Interrogatories attached hereto as Exhibit B.

3.    Defendant's Responses to Interrogatories No. 29, 32, and 36 are insufficient.

4.    Plaintiff 's definition of the term "Claims" inherently includes "Claim No. 1230-376005," as Plaintiff is requesting information for all of Plaintiff's claims filed with Defendant.

5.    Defendant treated Plaintiff punitively on all three claims, and thus, information relevant to each and every one of the claims is relevant to this instant matter.

6.    Further, Defendant's Response to Interrogatory No. 29 cites various case law in an attempt to argue that reserves are not discoverable and have little to no relevance to an insured's claim or the value of a particular claim.

7.    However, the relevancy of reserve information "should be decided on a case-by-case basis by examining the particular issues present in the case." *Linville v. National Indemnity Company*, 2014 WL 12593993, at *3 (D.N.M. Sep. 30, 2014).

2

8.   "Numerous courts have recognized that the actual amounts of an insurer's loss reserves, including changes to those amounts, could lead to the discovery of admissible evidence relating to the insurer's beliefs about coverage and liability, as well as whether it acted in bad faith in handling the plaintiff's claim." *Id.*

9.   It is Plaintiff's position that Defendant's reserve information could lead to the discovery of admissible evidence relevant to Plaintiff's bad faith claims.

10. On these grounds, Defendant's Responses to Interrogatories No. 29, 32, and 36 are insufficient.

**II.      Interrogatories No. 30, 33, and 35**

11. As stated previously, Plaintiff's counsel attempted in good faith to resolve the dispute regarding Defendant's Responses to Interrogatories No. 30, 33, and 35. *See* Exhibit A.

12. Defendant responded to Interrogatories No. 30, 33, and 35 stating each was not reasonably calculated to lead to the discovery of admissible evidence.

13. Defendant's Responses to Interrogatories No. 30, 33, and 35 are insufficient.

14. The information sought in these Interrogatories is relevant to establishing Defendant's repeated mishandling of hail and wind claims in the State of New Mexico since 2013.

15. Further, much akin to Defendant's Response to Interrogatory No. 29 above, Defendant's Response to Interrogatory No. 30 contends that reserve information has no bearing on any fact of consequence in this litigation.

16. However, as stated previously, this Court has previously held that the amounts of an insurer's loss reserves could lead to the discovery of admissible evidence relating to the insurer's beliefs about coverage and liability, as well as whether it acted in bad faith in handling the plaintiff's claim. *Linville*, 2014 WL 1253993, at *3.

17. On these grounds, Defendant's Responses to Interrogatories No. 30, 33, and 35 are insufficient.

### III.    Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56, and 57

18. As stated previously, Plaintiff's counsel attempted in good faith to resolve the dispute regarding Defendant's Responses to Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56, and 57. *See* Exhibit A.

19. Defendant's Responses to Requests for Production No. 38, 39, 41, 43, 44, 46, 49, 50, 51, 55, 56, and 57 are created on the notion that only two of Plaintiff's claims, Claim No. 1230-378618 and Claim No. 1230-393551, are relevant and the other, Claim No. 1230-376005, is not. *See* Defendant's Responses and Objections to Plaintiff's Third Set of Requests for Production attached hereto as Exhibit C.

20. It is Plaintiff's position that Defendant treated Plaintiff punitively on all three claims, and thus, each and every one of those is relevant to this instant matter.

21. At all times, Plaintiff's discovery and demands includes all responsive information.

22. Therefore, based on these grounds, Defendant's Responses to Requests for Production No. 38, 39, 41, 43, 44, 46, 49, 50, 51, 55, 56, and 57 are insufficient.

23. Moreover, in its Responses to Requests for Production No. 44 and 46, Defendant states that since these Requests seek information protected by the attorney-client privilege and the work product doctrine, the production of a privilege log is unduly burdensome and would serve no utility.

24. However, these Responses are inadequate, as "the law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 651 (D.N.M. July 6, 2007).

25. Defendant's failure to produce the requested documents coupled with a privilege log should be deemed a waiver of its privilege.

26. To date, Defendant has failed to amend its prior Responses to Interrogatories No. 29, 30, 32, 33, 35, and 36, and Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56, and 57.

27. Plaintiff requests this Court compel Defendant to properly and adequately respond to the aforementioned discovery requests.

WHEREFORE, Plaintiff, Welcome Properties 201, LLC, respectfully requests that this Court compel Defendant, National Fire & Marine Insurance Company, to adequately and fully respond to Interrogatories No. 29, 30, 32, 33, 35, and 36, and Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56, and 57, and for all other relief that this Court deems just and appropriate.

Respectfully submitted,

/s/ Michael L. Childress
Michael L. Childress
CHILDRESS LOUCKS & PLUNKETT, LTD.
11 W. Illinois St.
4th Floor
Chicago, Illinois 60654
Tel: (312) 494-0200
Fax: (312) 494-0202
Email: mchildress@childresslawyers.com
Email: service@childresslawyers.com

5

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on this 22nd day of December 2017, we filed the foregoing electronically through the court's electronic filing system, which caused the following parties or counsel to be served by electronic mail:

Jeremy Harrison
Jennifer A. Noya
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM 87103-2168
Tel: (505) 848-1800
jkh@modrall.com
jnoya@modrall.com
***Attorneys for Defendant***

Steven R. Almanzar
Joleen K. Youngers
Almanzar & Youngers, P.A.
P.O. Box 7256
Las Cruces, NM 88006
Tel: (575) 541-8000
steve@ay-law.com
jyoungers@ay-law.com
***Attorneys for Plaintiff***

CHILDRESS LOUCKS & PLUNKETT, LTD.

By:   /s/ Michael L. Childress
Michael L. Childress
11 West Illinois, Fourth Floor
Chicago, Illinois 60654
Tel: (312) 494-0200
mchildress@childresslawyers.com
***Attorney for Plaintiff***



11 West Illinois Street
4th Floor
Chicago, IL 60654

312.494.0200
service@childresslawyers.com
www.childresslawyers.com

**CHILDRESS LOUCKS & PLUNKETT**

December 15, 2017

**VIA ELECTRONIC MAIL:**

Jeremy K. Harrison
Jennifer A. Noya
Post Office Box 2168
500 Fourth Street, N.W.
Albuquerque, New Mexico 87103
(505) 848-1800
jnoya@modrall.com
jkh@modrall.com

> **Re:** **Welcome Properties 201, LLC v. National Fire & Marine Ins. Co.**
> **Case No. 2:16-cv-001301-JCH/SMV**

Dear Counsel,

This correspondence addresses National Fire & Marine Insurance Company's **December 13, 2017**, Responses and Objections to Plaintiff's Third Set of Interrogatories and Responses and Objections to Plaintiff's Third Request for Production.

**Defendant's Responses and Objections to Plaintiff's Third Set of Interrogatories**

**Interrogatories No. 29, 32 and 36** pertain to all claims filed by Plaintiff with Defendant, including Claim No. 1230-376005. These Interrogatories seek information that is relevant to Plaintiff's claims and/or Defendant's defenses. It is our position that National treated Plaintiff punitively on all three claims, and thus, information relevant to each and every one of those is relevant to this instant matter. National's conduct in handling Claim No. 1230-376005 is relevant to its conduct in how it handled Plaintiff's other claims, Claim No. 1230-378618 and Claim No. 1230-393551.

**Interrogatories No. 30, 33 and 35** are reasonably calculated to lead to the discovery of admissible evidence. The information sought in these Interrogatories is relevant to establishing National's repeated mishandling of hail and wind claims in the State of New Mexico since 2013.



EXHIBIT

A



**Defendant's Responses and Objections to Plaintiff's Third Set of Requests for Production**

As a general proposition, we dispute your repeated objections and responses that information and documents are not relevant. As you are aware, discovery in this matter was bifurcated and you have continuously refused to produce relevant documents and contracts pertaining to the instant matter. Specifically, your responses regarding **Requests for Production No. 38, 39, 43, 44, 46, 49, 50, 51, 55, 56 and 57** are baseless and created on the notion that only two of Plaintiff's claims, Claim No. 1230-378618 and Claim No. 1230-393551, are relevant and the other, Claim No. 1230-376005, is not.

We respectfully disagree with what you believe is relevant. At all times, our discovery and our demands include *all responsive* information. As stated previously, it is our position that National treated the Plaintiff punitively on all three claims and thus, each and every one of those is relevant to the instant matter. We ask that you please reconsider your responses as we are confident that the information requested is relevant.

Please consider this our good-faith request for concurrence. Advise us in the next three (3) days whether NFMIC will reconsider its responses. If we do not hear back from you, we will assume that resolving this is not a possibility and we will move forward and file our Motion to Compel.

Very truly yours,

Michael Childress
CHILDRESS LOUCKS & PLUNKETT, LTD.
mchildress@childresslawyers.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WELCOME PROPERTIES 201, LLC,

     Plaintiff,

v.                                  Case No. 2:16-cv-001301-JCH-SMV

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

     Defendants.

**DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S**
**RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF**
**INTERROGATORIES TO DEFENDANT**

     Defendant National Fire & Marine Insurance Company, by and through its counsel of record, makes the following responses and objections to Plaintiff's Third Set of Interrogatories.

**GENERAL OBJECTIONS**

     National objects to the Instructions and Definitions set forth in Plaintiff's Third Set of Interrogatories as they exceed the requirements of the Federal Rules of Civil Procedure. National will respond consistent with its obligations under the Federal Rules of Civil Procedure. National will provide information that is in its custody or control only and specifically objects to Plaintiff's definition of it as including other entities.

**INTERROGATORY NO. 28:** State the full name, address and official capacity within National of the person or persons preparing and signing the answers to these interrogatories.

**ANSWER:**   Steve Hansen, with the assistance of counsel, assisted with the preparation and signing of these interrogatories. Mr. Hansen's address and job title has previously been provided to Plaintiff.

**INTERROGATORY NO. 29:** Identify the amount of reserves set for the Claims and any changes in those amounts.



**ANSWER:**   National objects to Interrogatory No. 29 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Interrogatory No. 29 on the grounds that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information regarding reserves. Reserves set by National have no bearing on any fact of consequence in this litigation as reserves provide no information regarding Plaintiff's assertion that National breached the terms of the Policy or Plaintiff's assertion that National acted in bad faith.  Many courts have held that reserves are not discoverable and have little to no relevance to an insured's claim or the value of a particular claim. *See, e.g., Signature Dev. Companies, Inc. v. Royal Ins. Co. of Am.*, 230 F.3d 1215, 1223 (10th Cir. 2000) (holding that reserves and settlement authority do not necessarily constitute a final objective assessment of a claim's worth); *In re Couch*, 80 B.R. 512, 513 (S.D. Cal. 1987) (stating that reserves cannot accurately or fairly be equated with an admission of liability or the value of a particular claim); *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 283, 287 (D.D.C.1986) (holding that reserves are of very tenuous, if any relevance); *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 114 (D.N.J. 1989) (same); *Fid. & Deposit Co. of Md. v. McCulloch*, 168 F.R.D. 516, 525 (E.D.Pa.1996) (same); *Union Carbide v. Travelers Indemn. Co.*, 61 F.R.D. 411, 412 (same); *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co.*, 623 A.2d 1099, 1109 (Del.Super.Ct.1991) (holding reserve information to be irrelevant); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stauffer Chem. Co.*, 558 A.2d 1091, 1098 (Del. Super. 1989) (same);

*Schierenberg v. Howell-Baldwin,* 571 N.E.2d 335, 337 (Ind.Ct.App.1991) (holding the amount of reserves, settlement authority, and liability opinions were properly redacted and protected from discovery because they were not reasonably calculated to lead to the discovery of admissible evidence); *Fidelity & Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 525 (E.D.Pa.1996) (holding that requests for production of reserve information are not "reasonably calculated to lead to the discovery of admissible evidence").

**INTERROGATORY NO. 30:** Identify the criteria which National, its employees, agents, representatives, or third-party contractors are to use to determine the reserve amount for first-party property claims at any time since January 1, 2013 to present.

**ANSWER:**   National objects to Interrogatory No. 30 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  As discussed in response to Interrogatory No. 29 above, reserves set by National, and the criteria that National utilizes when setting reserves, have no bearing on any fact of consequence in this litigation as reserves provide no information regarding Plaintiff's assertion that National breached the terms of the Policy or Plaintiff's assertion that National acted in bad faith.

**INTERROGATORY NO. 31:** Please provide the name and job title of the persons involved, the date of meeting, details the process, the determinations or outcomes, and the identity and contributions of each person involved for each discussion of Plaintiff's claims by the Policy Application Review committee.

**ANSWER:** As National stated in its Supplemental Response to Interrogatory No. 3, "Plaintiff's claims were discussed at one or more Policy Application Review committee meetings at which pending claims are discussed. National has no records reflecting the attendees of those meetings, but states that Steve Hansen would have presented the claim to the committee." National has previously produced documents reflecting the outcome of the Policy Application Review committee meetings as Welcome Properties/National 000195 to 000196 and Welcome Properties/National 001348-1349.

As indicated on the previously produced documents, Tom Mortland approved the recommendation

Mr. Hansen made to the committee.

**INTERROGATORY NO. 32:** Identify the process and procedures by which any person at National who was involved in the handling of the Claims was trained regarding National's claim handling policies, practices, and procedures.

**ANSWER:**    National objects to Interrogatory No. 32 on the grounds that it is not reasonably

calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term

"Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for

coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-

393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject

of this litigation and thus has no bearing on any fact of consequence in this case. With respect to

the claims that are actually at issue in this case, National states that Steve Hansen was responsible

for the claims at issue in this litigation.  Mr. Hansen has a CPCU designation and many years of

insurance claims experience.  Mr. Hansen also attends industry sponsored seminars. Mr. Hansen

had on the job training regarding National's claim handling policies, practices and procedures.

Those procedures include reviewing a policy after receiving a notice of a loss, an analysis of the

policy to determine what coverage is available for the insured, an investigation of the loss facts

and regular communication with the insured regarding the status of the claim and documentation

regarding the claim handling.  Mr. Hansen's training includes reviewing the policy to establish

coverage for an insured whenever warranted by the terms of a policy and the information obtained

during the claims investigation.

**INTERROGATORY NO. 33:** Identify each complaint, including the docket and case number, filed against National in the State of New Mexico, whether in state court or federal court, from the years 2013 through the present, for bad faith claims in a first party property claim under Fair Trade Practices NMSA 1678 § 57-12 *et seq*.

**ANSWER:** National objects to Interrogatory No. 33 on the grounds the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to the time period that the claims at issue were adjusted.  National further objects to the Interrogatory on the grounds that it does not maintain a list of previous litigation captions from which such historical information could be accurately derived.  Subject to and without waiver of its objection, National states that it is unaware of any information that is responsive to this request. National notes that information regarding suits against National are public records that can as easily be accessed by Plaintiff as by National.

**INTERROGATORY NO. 34:** Identify the dates of every underwriting inspections ever made, including who made the inspection, when the inspection occurred, the result of the inspection and indicate whether a report of the inspection was made to the insured. Produce a copy of the inspection results, and produce any and all correspondence which was sent by National following any underwriting inspections.

**ANSWER:** National has previously produced copies of reports obtained during the underwriting process. Pursuant to Rule 1-033(E), please see the underwriting reports that have previously been produced.

**INTERROGATORY NO. 35:** Please list all other claims for hail and wind damage in New Mexico submitted to National for each date of Loss of October 3, 2015 and May 18, 2016.

**ANSWER:** National objects to Interrogatory No. 35 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Other claims made in the State of New Mexico involving other properties and other policies have no bearing on any fact of consequence in this litigation.  National further objects on the grounds that the request impermissibly seeks information that implicates the privacy rights of National's insureds insofar as it is seeking information about claims made by entities other than Plaintiff.

**INTERROGATORY NO. 36:** Does National have Standards applicable to handling Plaintiff's Claims? If so, what are they?

**ANSWER:** National objects to Interrogatory No. 36 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case.

With respect to the claims that are at issue in this case, National's standards include, but are not limited to, a thorough investigation of the loss or losses alleged by an insured, the retention of a third-party claims investigator if an in-person investigation is needed, the retention of engineers or other subject matter experts who can assess an alleged loss and the cause of an alleged loss if necessary, and a thorough review of all documents provided by an insured, obtained during the investigation, or generated during the course of an investigation. If National's investigation and claims handling process reveals that the policy applies to a loss, then National will pay the claim in accordance with the policy provisions. If, as here, National's investigation reveals that the loss was not caused by a covered cause of loss or the cause of the damage was excluded , then National will apply its policy accordingly and pay for only the covered loss.

<div style="margin-left:40%">

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By:*/s/ Jeremy K. Harrison*
  Jennifer A. Noya (jnoya@modrall.com)
  Jeremy K. Harrison (jkh@modrall.com)
  Post Office Box 2168
  500 Fourth Street NW, Suite 1000
  Albuquerque, New Mexico  87103-2168
  Telephone: 505.848.1800
  *Attorneys for Defendant*

</div>

*W3105285.DOCX*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WELCOME PROPERTIES 201, LLC,

     Plaintiff,

v.                           Case No. 2:16-cv-001301-JCH-SMV

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

     Defendants.

### DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Defendant National Fire & Marine Insurance Company, by and through its counsel of record, makes the following responses and objections to Plaintiff's Third Set of Requests for Production.

### GENERAL OBJECTIONS

National objects to the Instructions and Definitions set forth in Plaintiff's Second Set of Interrogatories as they exceed the requirements of the Federal Rules of Civil Procedure. National will respond consistent with its obligations under the Federal Rules of Civil Procedure. National will provide information that is in its custody or control only and specifically objects to Plaintiff's definition of it as including other entities.



## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 37:** Any and all documents described, identified, referred, and/or responsive to Defendant's Answers to Plaintiff's Third Set of Interrogatories; or which were read, reviewed, relied upon, or otherwise utilized in any manner in preparing Defendant's Answers to said Interrogatories.

**RESPONSE:** There are no documents responsive to this request that have not previously been produced to Plaintiff.

**REQUEST FOR PRODUCTION NO. 38:** Any contract for services, invoices, activity records, billing records received from or with VeriClaim, Rimkus Consulting Group, Inc. and Haag Engineering Company related to Plaintiff's Claims.

**RESPONSE:** National objects to Request for Production No. 38 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. With respect to the two claims that are at issue in this case, National objects on the ground that the request seeks information that is protected by Rule 26 of the Federal Rules of Civil Procedure as the request improperly encompasses documents related to consulting experts. National has no objection to producing any agreements or invoices regarding National's testifying experts' work in this case. National has previously produced a copy of its claims files which include National's assignments of Plaintiff's claims to Vericlaim and Rimkus as well as invoices National received from those entities.  National has no master contracts with Vericlaim, Rimkus, or Haag. With respect to Haag, the retention agreement for expert witness services in this case was between Haag and National's counsel.  That agreement is being produced as WELCOME 003672-003675. Invoices for work performed by Haag will be produced when available.

**REQUEST FOR PRODUCTION NO. 39:** Regarding education and training materials for the Claims, produce all of the following:

    (a)  property loss handling procedures and standards;
    (b)  methods and criteria for estimating value, damage, loss, or any other covered harm;
    (c)  method and criteria for setting reserves;
    (d)  setting individual and organizational goals;
    (e)  property loss estimating and adjusting;
    (f)  time limit demand procedures;
    (g)  review and authority procedures;
    (h)  hiring outside experts or investigators; and
    (i)  training on response to complaints.

**RESPONSE:** National objects to Request for Production No. 39 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. With respect to the two claims that are at issue in this case, National objects to Request for Production No. 39 on the grounds that it is vague and ambiguous as the phrase "Regarding education and training materials for the Claims" is nonsensical.  To the extent that Plaintiff intended to ask for education and training materials that were provided to the National employees who handled Plaintiff's hail claims, National objects on the grounds that this request is duplicative of Request for Production No. 5 and Request for Production No. 26, and National incorporates its objections to both of those requests as if fully stated herein. National further objects on the grounds that the request is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case. Subject to and without waiver of these objections, National states that its training is hands-on, on-the-job training. During the course of this hands-on, on-the-job training, National's adjusters review the documents that have previously been

produced as NFMIC CONFIDENTIAL 00001-000016 as well as claims files, claims file notes, insurance policies, and other claims related information generated by National.

**REQUEST FOR PRODUCTION NO. 40:** Regarding documents that explain National's philosophy produce all of the following:

        (a) claims handling policies;
        (b) providing service to policyholders;
        (c) good/bad faith claim handling;
        (d) extra-contractual damage and suits;
        (e) compliance with unfair claim practices statutes; and
        (f) Wrongful claims handling.

**RESPONSE:** National objects to Request for Production No. 40 on the grounds that it is vague and ambiguous insofar as Plaintiff has request documents explaining National's "philosophy" on various subjects. National is unable to ascertain what documents might be responsive to this request. National further objects on the grounds that the request, to the extent it is seeking types of documents listed in subsections (a) through (f) is duplicative of Request for Production Nos. 5 and 26, the objections to which are incorporated by reference.

**REQUEST FOR PRODUCTION NO. 41:** Produce National's claim handling standards.

**RESPONSE:** National objects to Request for Production No. 41 on the grounds that it is duplicative of Request for Production Nos. 5 and 26. National incorporates by reference its responses and objections to those requests. National further objects to Request for Production No. 41 on the grounds that it is harassing. This is now the third set of requests for production seeking identical information, and Plaintiff has no legitimate basis for serially re-serving these requests after having accepted National's objections.

**REQUEST FOR PRODUCTION NO. 42:** Produce National's draft, settlement, or reserve authority procedures and denial authority standards criteria and procedures.

**RESPONSE:** National objects to Request for Production No. 42 on the grounds that it is duplicative of Request for Production Nos. 5 and 26. National incorporates by reference its

objections and responses to those requests and notes that Plaintiff has accepted National's objections to the requests. To the extent that Request for Production No. 42 is not duplicative, National objects on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 43:** Produce all documents regarding National's compensation plan for employees that worked on Plaintiffs Claims.

**RESPONSE:** National objects to Request for Production No. 43 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, is disproportionate to the needs of the case. The compensation of National's employees has no bearing on any fact of consequence in this litigation. National further objects on the ground that the request seeks personal and private information regarding specific National employees.

**REQUEST FOR PRODUCTION NO. 44:** All communication related to the Claims, including, but not limited to any communication between or among any third party, the Plaintiff, and the Defendant, its employee, its agent, or its representatives related to the Property, the Policy and the Claims. This includes, but is not limited to, all communication between any adjuster at National and his/her supervisor, as well as any communication between National and any representative of VeriClaim, Inc.

**RESPONSE:** National objects to Request for Production No. 44 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and

12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. 44 on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected from disclosure by the attorney-client privilege and the attorney work product doctrines as well as Rule 26 of the Federal Rules of Civil Procedure. Plaintiff's request necessarily encompasses communications between National and its counsel and communications between National or its counsel and any consulting experts. These types of communications are not within the scope of discovery. Because the information plaintiff is seeking is inherently privileged, a privilege log is unnecessary and would be unduly burdensome as National would be required to log each and every communication with its counsel since the inception of this litigation.  Subject to and without waiver of its objections, National states that it has previously produced all non-privileged non work product documents contained in the claim file which reflect any pre-litigation non-privileged communications regarding the claims at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 45:** All records of any underwriting inspection conducted in connection with the Property.

**RESPONSE:** National objects to Request for Production of 45 on the grounds that it is duplicative of request for production no 4 which sought "[a]ll documents contained in Defendant's underwriting file relating to any policy of insurance issued to Plaintiff including, but not limited to, any pre-policy issuance inspection reports of the Insured Premises, a certified copy of the Policy, including all declarations and endorsement, and copies of the file folders in which underwriting documents are kept." National incorporates its objections to Request for Production No. 4, and notes that pursuant to the Local Rules of Civil Procedure Plaintiff has accepted those objections. National further notes that it did not previously, and does not now, object to production of any inspection reports generated during the course of the underwriting process. National previously produced "the site survey that National obtained, [and] aerial photographs that are contained in the underwriting file" within the bates range Welcome

Properties/National 001950 to 002471. National has not withheld any underwriting inspections or reports on account of its objections.

**REQUEST FOR PRODUCTION NO. 46:** All reports, correspondence, damage estimates, and advisory documents to or from any person or organization other than Defendant related to the Claims, including the scope of damages suffered as a result of said Loss, and/or the cost to repair or replace the damage suffered as a result of said Loss including, but not limited to, all activity logs, emails, documents reflecting billing and payments, and contracts or retention agreements.

**RESPONSE:** National objects to Request for Production No. 46 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to request for Production No. 46 on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and Rule 26 of the Federal Rules of Civil Procedure. The request necessarily encompasses documents generated by or for counsel since the inception of this litigation, including documents that may have been generated by or for consulting experts. These types of documents are not discoverable. National further states that given the clearly privileged nature of documents generated by or for counsel since the inception of this litigation, production of a privilege log would serve no utility and would result in an undue burden on National.  National notes that it has not withheld any pre-lawsuit documents on account of its objections.

**REQUEST FOR PRODUCTION NO. 47:** All documents relating to the criteria by which National decides to retain any third party, including but not limited to VeriClaim, Inc. on claims like Plaintiff's.

**RESPONSE:** There are no documents responsive to this request. National's decision to retain a third party is based on the experience and qualifications of the company National retains, the needs of a specific claim, and the region in which a loss or alleged loss occurs. National's decision

to use any third party is not in any way connected to prior conclusions reached by employees of that third party.

**REQUEST FOR PRODUCTION NO. 48:** All documents that governed the conduct of and/or are were referred to or relied upon by any employee, agent or independent contractor of Defendant during the handling and adjustment of a windstorm, hail, and/or catastrophe claim for the State of New Mexico from January 1, 2013 to the present including but not limited to guidelines on adjusting and handling claims, avoiding bad faith conduct, providing service to policyholders, and complying with New Mexico Unfair Claims Practices statutes.

**RESPONSE:** National objects to Request for Production No. 48 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, seeks information outside the custody and control of National insofar as Plaintiff is seeking information regarding third-parties, and is disproportionate to the needs of the case.  National further objects to Request for Production No. 48 on the grounds that it seek documents related to claims brought by other policyholders and such production would violate the privacy interests of those policyholders.

**REQUEST FOR PRODUCTION NO. 49:** All performance goals, plans, objectives, or directives related to claims handling, coverage determinations, combined ratio, and/or payment of insurance benefits for any adjuster(s), supervisor(s) and third-party representative(s), including but not limited to regional or company goals, involved in the Claims from the years 2013 through the present

**RESPONSE:** National objects to Request for Production No. 49 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. 49 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and seeks information outside the custody and control of National insofar as Plaintiff is seeking information regarding third-parties. National further states that the claim professionals are expected to evaluate each claim based on

the facts of the claim and the applicable policy language. The claim professionals involved in handling the claims at issue do not have any performance goals, plans, objectives, or directives that incentivize the denial of a claim.

**REQUEST FOR PRODUCTION NO. 50:** All videotaped, recorded, or written training materials, employee manuals, and employee handbooks for windstorm, hail, and/or catastrophe claim handling for National's personnel, adjusters, representatives, supervisors, and managers involved with the Claims, including, but not limited to Real Property loss adjusting, claims handling guidelines, estimating guidelines, and coverage interpretation guidelines.

**RESPONSE:** National objects to Request for Production No. 50 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. 50 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 51:** All materials including, but not limited to, documents, guidelines, manuals, contracts, bulletins, memoranda, etc., regarding the basis for compensation of any of National's independent contractors responsible for adjusting first-party property claims as well as all contracts, agreements, master agreements, compensation schedules, approved vendor lists, or pre-approval agreements for all independent adjusters and experts hired by National in the Loss and the Claims.

**RESPONSE:** National objects to Request for Production No. 51 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. 51 on the grounds that it is overly broad, not

reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to needs of the case.   National further objects to the Request as it erroneously suggests that National contracts with other persons or entities to handle the adjustment of claims for National's insureds. Although National may utilize the assistance from other parties in the course of its claims handling investigation and evaluation, National does not delegate its responsibility for claim handling to non-parties and does not delegate its claims operation responsibilities to third parties.   Subject to and without waiver of its objections, National states that it produced the invoices from the third-parties involved in the claims investigation, which reflect the compensation they received for the tasks performed, which are contained in the claim files produced.   In accordance with its obligations under Rule 26, National agrees to produce the invoices for testifying experts in this case.

**REQUEST FOR PRODUCTION NO. 52:** All documents or programs created, developed, adopted, or modified by National, its affiliated company or companies, third-party contractors, or consultants, related to its evaluations or analyses of the impact of first party property insurance claims on National's financial position, profit margins, combined ratio, litigation exposure, liability exposure, extra-contractual or bad faith liability exposure, and regulatory compliance from the years 2013 through the present.

**RESPONSE:** National objects to Request for Production No. 52 on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible, and disproportionate to needs of the case.  National further objects on the grounds that it is vague and ambiguous and seeks documents related to non-parties.  National further objects to the request to the extent it seeks attorney client privileged information related to this case and/or other litigation. National further objects on the ground that to the extent there may be responsive documents, such documents would be proprietary or confidential. National further objects to the request on the ground that it seeks documents related to coverages other than those at issue in this case and seeks documents regarding operations and regulatory compliance in other states.

**REQUEST FOR PRODUCTION NO. 53:** All documents related to the strategies, programs, plans, directives, goals, incentives, etc., developed since 2013 related to reducing National's

combined ratio (the ratio of losses and expenses to premium income) and/or tracking, *i.e.,* the measurement of the amount of overpayment or underpayment on a claim.

**RESPONSE:** National objects to Request for Production No. 53 on the grounds that it is overly

broad, not reasonably calculated to lead to the discovery of admissible, and disproportionate to

needs of the case.   National further objects on the grounds that it is vague and ambiguous.

National further objects on the ground that to the extent there may be responsive documents, such

documents would be proprietary or confidential.. National further objects to the request on the

grounds that it seeks documents related to coverages other than those at issue in this case and

seeks document regarding payments on claims not at issue in this case.

**REQUEST FOR PRODUCTION NO. 54:** All reports, strategic plans, advisory memoranda, or recommendations provided by any person or entity engaged by National and/or any affiliated company for the purpose, in whole or in part, of providing to National or affiliated companies consulting services, advice, counsel, evaluations, and/or recommendations concerning or relating to first party property insurance claims for the years 2013 through the present.

**RESPONSE:** National objects to Request for Production No. 54 on the grounds that it is overly

broad, not reasonably calculated to lead to the discovery of admissible, and disproportionate to

needs of the case. National further objects on the grounds that the request may encompass

information that is protected from disclosure by the attorney-client privilege, the attorney work

product doctrine, or Rule 26(b)(4)(D). National further objects to the request to the extent it seeks

documents relating to any employee evaluation as it would violate those non-parties privacy

interests.  National further objects to the request on the grounds that is it vague and ambiguous as

the request would literally include every document related to any claim presented to National.

**REQUEST FOR PRODUCTION NO. 55:** All documents related to the assignment of the Claims to any third party, including any instructions, explanations, claims handling guidelines, or communications regarding the scope and purpose of the assignment, the terms and conditions of the Policy, and the nature and history of the Claims.

**RESPONSE:** National objects to Request for Production No. 55 on the grounds that it is not

reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of

the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims

for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. 55 on the grounds that it improperly encompasses documents and communications between National and its counsel and/or any non-testifying consulting experts. Such documents and communications are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and Rule 26(b)(4)(D). National does not object to the production of pre-lawsuit information responsive to this request, and in fact has previously produced its claims files for the two claims that are at issue in this lawsuit which include all documents related to the assignment.

**REQUEST FOR PRODUCTION NO. 56:** All documents demonstrating the amount of reserves set for the Claims.

**RESPONSE:** National objects to Request for Production No. 56 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. 56 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Reserves set by National have no bearing on any fact of consequence in this litigation as reserves provide no information regarding Plaintiff's assertion that National breached the terms of the Policy or Plaintiff's assertion that National acted in bad faith.  Many courts have held that reserves are not discoverable and have little to no relevance to an insured's claim or the value of a particular claim. *See, e.g., Signature Dev. Companies, Inc. v. Royal Ins. Co. of Am.*, 230 F.3d 1215, 1223 (10th Cir. 2000) (holding that

reserves and settlement authority do not necessarily constitute a final objective assessment of a claim's worth); *In re Couch*, 80 B.R. 512, 513 (S.D. Cal. 1987) (stating that reserves cannot accurately or fairly be equated with an admission of liability or the value of a particular claim); *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 283, 287 (D.D.C.1986) (holding that reserves are of very tenuous, if any relevance); *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 114 (D.N.J. 1989) (same); *Fid. & Deposit Co. of Md. v. McCulloch*, 168 F.R.D. 516, 525 (E.D.Pa.1996) (same); *Union Carbide v. Travelers Indemn. Co.*, 61 F.R.D. 411, 412 (same); *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co.*, 623 A.2d 1099, 1109 (Del.Super.Ct.1991) (holding reserve information to be irrelevant); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stauffer Chem. Co.*, 558 A.2d 1091, 1098 (Del. Super. 1989) (same); *Schierenberg v. Howell-Baldwin,* 571 N.E.2d 335, 337 (Ind.Ct.App.1991) (holding the amount of reserves, settlement authority, and liability opinions were properly redacted and protected from discovery because they were not reasonably calculated to lead to the discovery of admissible evidence); *Fidelity & Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 525 (E.D.Pa.1996) (holding that requests for production of reserve information are not "reasonably calculated to lead to the discovery of admissible evidence").

**REQUEST FOR PRODUCTION NO. 57:** All documents reflecting the criteria by which National decides to revise initial estimates of any insurance claim similar to Plaintiff's Claims.

**RESPONSE:** National objects to Request for Production No. 57 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's definition of the term "Claims" includes "Claim No. 1230-376005." As Plaintiff is well aware, the only claims for coverage that Plaintiff has placed at issue in this lawsuit are Claim Nos. 12-30-378618 and 12-30-393551. Claim No. 12-30-376005 was a claim related to a laundry room fire that is not the subject of this litigation and thus has no bearing on any fact of consequence in this case. National further objects to Request for Production No. 57 on the grounds that it is overly broad, not

reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 58:** Any report from ISO regarding specific wind and hail events occurring at the Property Insured Premises from 2012 to the present.

**RESPONSE:** National objects to Request for Production No. 58 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Any ISO reports regarding wind and hail events at the Property on the alleged dates of loss were included in the claims files that were previously produced.

<div style="text-align:center">

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

</div>

By: */s/ Jeremy K. Harrison*
   Jennifer A. Noya (jnoya@modrall.com)
   Jeremy K. Harrison (jkh@modrall.com)
   Post Office Box 2168
   500 Fourth Street NW, Suite 1000
   Albuquerque, New Mexico  87103-2168
   Telephone: 505.848.1800
   *Attorneys for Defendant*

W3100254.DOCX